JOHN N. AQUILINA
Attorney-at-Law
California Bar No. 096880
3895 Twelfth Street
Riverside, California 92501

Telephone:  951-682-1700
Facsimile:  951-276-1427
E-Mail:    Aquilina@johnaquilina.com

Attorney for Defendant,
JOSE JESUS PEREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br><br>        vs.<br><br><br><br>JOSE JESUS PEREZ,<br><br>                    Defendant. | Case No. 5:13-cr-00087-VAP<br><br>NOTICE OF MOTION AND<br>MOTION TO GUARANTEE<br>TO DEFENDANT'S RIGHT<br>FAIR TRIAL, DECLARA<br>TION OF COUNSEL, AND<br>MEMORANDUM OF POINTS<br>AND AUTHORITIES IN<br>SUPPORT THEREOF.<br>(PT:   5-12-14; D-II; 9:00 a.m.)<br>(Trial: 5-20-14; D-II; 8:30 a.m.) |

TO:   HON. VIRGINIA A. PHILLIPS, JUDGE OF THE UNITED STATES
DISTRICT COURT; ANDRE BIROTTE, UNITED STATES AT-
TORNEY, BY Mr. THOMAS STOUT, ASSISTANT UNITED
STATES ATTORNEY; AND TO THE CLERK OF THE UNITED
STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFOR-
NIA, EASTERN DIVISION:

1

PLEASE TAKE NOTICE that JOHN N. AQUILINA, counsel for defendant, JOSE JESUS PEREZ, respectfully requests that this court issue orders ensuring the defendant's rights to a fair trial and due process of law as guaranteed him by the Fifth and Fourteenth Amendments to the United States Constitution, and more particularly order:

1.     Permit evidentiary objections on statutory and constitutional grounds without expressing both grounds.

2.     That the named victims be referred to only by their surnames.

This motion shall be based upon this notice of motion and motion, the attached declaration of counsel, the attached memorandum of points and authorities, the documents and records before the court, and any evidence and argument, written or oral, to be presented at the hearing on this motion.

Dated: April 21, 2014, at Riverside California.

Respectfully submitted,


 /s/ John N. Aquilina
JOHN N. AQUILINA
Attorney for Defendant,
JOSE JESUS PEREZ

2

DECLARATION OF COUNSEL

I, JOHN N. AQUILINA, hereby declare as follows:

1.      I am an attorney-at-law, duly licensed to practice in the United States District Court of the Central District of California, and attorney of record for the defendant, Jose Jesus Perez.

2.      On October 7, 2103, I was appointed by the United States District Court as a member of the indigent defense counsel panel for the Central District of California, and as counsel for the defendant, wherein he is charged with violations of Title 18 U.S.C. section 242 (four counts), to wit: that he violated the rights of liberty of T.M. and M.R. under color of law by engaging in sexual misconduct.

3.      In the course of the trial, it is anticipated that counsel for will need to object to questions, answers, or argument presented by the Government and his witnesses.  Pursuant to this Court's procedural rules, counsel must set forth a summary basis for any objection asserted, but shall refrain from arguing the legal basis for the objection.  In anticipation of asserting objections based on the Federal Rules of Evidence, each of the objections will also be based on constitutional grounds.  In lieu of asserting the statutory *and* each of the constitutional bases for the objections, counsel seeks an order that statutory objections asserted be deemed to be based on the equivalent constitutional basis without counsel needing to reiterate each.

4.    In the course of the pending trial, it is anticipated that the Court and parties will refer to the Government witnesses, T.M. and M.R., as victims, although they should be characterized as complaining witnesses until the jury returns verdicts of guilt.  Such a premature description of T.M. and M.R. as victims directly conflicts with the defendant's right to be presumed innocent.  In order to avoid defense counsel from needing to object to such a characterization, counsel seeks an order that T.M. and M.R. be referred to by their surnames as provided by the Court's procedural rules or as complaining witnesses, rather than the inappropriate characterization of them as victims.

WHEREFORE, defendant, JOSE JESUS PEREZ, hereby requests orders of this Court consistent with ensuring the defendant's rights to a fair trial and due process of law as guaranteed him by the Fifth and Fourteenth Amendments to the United States Constitution.

I declare under penalty of perjury that the foregoing is true and correct except as to those statements made upon information and belief, and, as to those statements, they are believed to be true and correct.

Dated: April 21, 2014, at Riverside, California.

   /s/ John N. Aquilina
JOHN N. AQUILINA
Attorney for Defendant,
JOSE JESUS PEREZ

4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

IF TRIAL COUNSEL BELIEVES AN ERROR HAS
BEEN COMMITTED DURING THE COURSE OF THE
TRIAL COURT PROCEEDINGS, HE SHALL ASSERT
AN OBJECTION TO THE ERROR AND ENUNCIATE
ALL OF THE GROUNDS AND BASES FOR HIS OB-
JECTION.

In order to preserve a claim of error on appeal, it is generally necessary for a litigant to make a timely objection in the trial court precisely and specifically citing all of the appropriate and applicable grounds which may be urged on appeal.  (See, *Baldwin v. Reese* (2004) 541 U.S. 27, 32-34 [124 S.Ct. 1347, 158 L.Ed.2d 64].) Moreover, in order to preserve a claim of error resulting in a violation of a constitutional right, a defendant must make a timely objection in the trial court citing the constitutional basis to be urged on appeal. (See, *Fay v. Noia* (1963) 372 U.S. 391, 428-429 [83 S.Ct. 822, 9 L.Ed.2d 837].)

During the course of a complex trial, problems often arise when objections are based on multiple (statutory and constitutional)  grounds.  For example, if hearsay evidence is sought to be elicited, an objection stating the hearsay nature of such evidence would be appropriate.  The objection to the improper admission of hearsay evidence, however, may be premised not only on a violation of Rule 802 of the Federal Rules of Evidence, but also a violation of the defendant's constitutional

right to see, hear, and confront and cross-examine the witnesses presented against him and his rights of due process of law and a fair trial.  (5th, 6th, and 14th Amends; see also, *Ohio v. Roberts* (1980) 448 U.S. 56, 63 [100 S.Ct. 2531,  65 L. Ed. 2d 597].)

Similarly, where an objection is properly asserted that certain evidence should not be admitted because its probative value is substantially outweighed by unfair prejudice, etc., the basis of the objection would not only rest upon Rule 403 of the Federal Rules of Evidence, but also the defendant's federal constitutional guarantee of due process of law.  (5th and 14th Amends.)

At times, in the course of this trial, defense counsel may interpose objections to the admissibility of certain evidence, jury selection procedures, conduct of the trial, conduct of the parties or the court, juror conduct, jury instructions, and other matters not currently foreseeable, setting forth the statutory basis for the objection. In order to preserve all of the defendant's appellate rights, however, counsel must not only set forth the objection and legal basis for the objection, but must also set forth the constitutional protections encompassed by the objection stated.   In order to safeguard the defendant's rights, in each instance, defense counsel would have to interpose specific statutory and constitutional bases for his objections.

In the course of this trial, when counsel asserts an objection based on a single statutory ground, it is requested that this Court consider the basis stated not only

pursuant to the applicable statutory ground asserted, but also the equivalent constitutional basis.  In order to expedite the proceedings and reduce the need for counsel to set forth the statutory and constitutional bases encompassed by each objection, counsel respectfully request that this Court exercise its inherent power to control the trial court proceedings and deem that the specific statutory objection asserted include the applicable constitutional bases for that objection without counsel being required to set forth a string of citations on each occurrence.

II.

> THE COMPLAINING WITNESSES SHOULD BE
> ADDRESSED BY THEIR NAMES AND NOT BY
> CONCLUSIONARY AND ARGUMENTATIVE
> LABELS UNDERMINES THE PRESUMPTION OF
> INNOCENCE AND ASSUMES FACTS NOT IN EVI-
> DENCE.

At Mr. Perez' trial, the question or issue to be resolved is whether the complaining witnesses were "victims" (the prosecution theory) or lying and/or mistaken (the defense theory).  Neither the Court, counsel, or witnesses should be allowed to characterize any complaining witnesses during the trial (except in final argument) as "the victim" or "victims," any more than the defense should refer to the  defendant throughout the trial as "the framed or falsely accused victim."  This prohibition is applicable to the jury selection proceedings, opening statements (which are not to be argumentative), and trial testimony.

Common sense dictates that until the jury decides whether the Government has proven the guilt of the defendant, the complaining witnesses remain just that, and not "the victims." Until a verdict is rendered, the repeated characterization to the jury that the complaining witness are victims assumes their versions are correct and truthful, argumentative, and subverts the presumption of innocence.

The term "victim" is generally defined as one against whom a crime has been committed. As such, to label the complaining witness throughout the trial as victims violates the defendant's right under due process to his the presumption of innocence as protected by the Fifth and Fourteenth Amendments to the United States Constitution. It also violates the defendant's Sixth and Fourteenth Amendments right to a jury determination of the contested facts and issues.

Based on the foregoing reasoning, as this Court's procedural rules require, witnesses should be addressed by their proper surnames, or the non-argumentative term of "complaining witnesses," rather than the inappropriate conclusionary label of "victim."

CONCLUSION

Based upon the argument and authorities set forth herein, and in order to ensure that the defendant's rights to a fair trial and due process under the Federal Constitution are adequately protected, the defendant respectfully requests that this motion be granted prior to the commencement of the trial.

Dated:        April 21,  2014, at Riverside, California.

Respectfully submitted,

/s/ John N. Aquilina
JOHN N. AQUILINA
Attorney for defendant,
JOSE JESUS PEREZ