JOHN N. AQUILINA
Attorney-at-Law
California Bar No. 096880
3895 Twelfth Street
Riverside, California 92501
Telephone:  951-682-1700
Facsimile:  951-276-1427
E-Mail:      Aquilina@johnaquilina.com

Attorney for Defendant,
JOSE JESUS PEREZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>                                 Plaintiff, <br><br><br>        vs. <br><br><br> JOSE JESUS PEREZ, <br>                               Defendant. | Case No. 5:13-cr-00087-VAP <br><br> DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION FOR FAIR TRIAL <br><br> (PT:    5-12-14; D-II; 9:00 a.m.) <br> (Trial: 5-20-14; D-II; 8:30 a.m.) |

TO:    HON. VIRGINIA A. PHILLIPS, JUDGE OF THE UNITED STATES
DISTRICT  COURT;  ANDRE BIROTTE, UNITED STATES AT-
TORNEY, BY THOMAS STOUT, ASSISTANT UNITED STATES
ATTORNEY; AND TO THE CLERK OF THE UNITED STATES
DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA,
EASTERN DIVISION:

PLEASE TAKE NOTICE that JOHN N. AQUILINA, counsel for defendant, JOSE JESUS PEREZ, submits this response to the Government's opposition to the defendant's motion to preserve objections and prohibit the use of the term "victim."

I.

## THE TRIAL COURT HAS THE JURISDICTION AND AUTHORITY TO ENTER THE ORDER REQUESTED.

In his opposition, the Government initially alleges that the court lacks the jurisdiction to issue an order to protect the defendant's right to assert appropriate objections in the course of the trial, but cites no authority for this proposition. (Gov. Brf. 1:20.)  Counsel also alleges that the defense is requesting that this Court instruct the Circuit Court as to the appropriate appellate standard of review, however, this request was not made or intended by the defense. (Gov. Brf. 1:26-28.)

II.

## THE TRIAL COURT MAY PERMIT COUNSEL TO SUMMARIZE OBJECTIONS UNDER ITS INHERENT REGULATORY AUTHORITY.

As an alternative argument, the Government requests that the Court deny the defense motion to summarize objections because the defense failed to cite any supporting authorities. (Gov. Brf. 2:15-16.)  In response, it is noted that the Court clearly has the express and inherent authority to regulate all trial court procedures. (See Federal Rules of Criminal Procedure, Rule 57(b).)

The defense does not dispute the Government's contention that, in asserting an objection during trial, counsel is obligated to state proper and specific objections and the basis for such objections. (Gov. Brf. 2:6-9.)  By this motion, all defense counsel is seeking is to avoid reiterating and repeating the multiple and well-acknowledged grounds for each such objection.  As noted in the example included in the motion filed, an objection can be asserted based on hearsay, whereas the objection is grounded in the Federal Rules of Evidence *and* the Sixth Amendment to the United States Constitution.  Rather than stating both of these grounds, unless confusion arises, simply stating the basis of the objection (ie: hearsay) should be sufficient to place the Court and counsel on notice as to the legal issue presented.

Counsel for the Government warns of a possible waste of judicial resources, assertion of new appellate issues, and multiple re-trials, however, the order sought does not warrant such concerns. (Gov. Brf. 2:17-23.)

Counsel for the Government further warns of the possibility that he will be prejudiced and not afforded an adequate opportunity to respond to objections and/or correct errors noted.  (Gov. Brf. 2:26-28.)  Again, this concern is unwarranted.  If the defense objection is not clearly stated or grounded, the Court will overrule the objection or ask for clarification.  Further, if the defense objection is summarized, the Government's response will not be altered by the fact defense counsel only cites the Rules of Evidence and not the applicable constitutional provisions.

The Government's contention that the defense is only seeking an opportunity to "sandbag" the Government and Court is not only unfounded , but unsupported by anything presented by defense counsel to date.  (Gov. Brf. 3:1-4.)

Repeating that which was set forth in the defense motion filed, the defense does not expect either the Court or counsel for the Government to have to guess or assume the basis of the objection.  If the defense objection has no basis, the objection should be overruled.  It is only the repeated recitation of multiple grounds that the defense is seeking to avoid in order to not waste the time of the Court and jury.

III.

COUNSELS' REFERENCE TO THE COMPLAINING
WITNESSES AS VICTIMS IS NOT SUPPORTED
UNDER THE LAW OR IN LOGIC.

While counsel for the Government acknowledges that the Court's standing trial order only permits reference to witnesses by his or her surname, counsel seeks to be excused from complying when he does not wish to do so. (Gov. Brf. 3:19-20.)

As an alternative, counsel for the Government asserts that the defense motion is premature since there is no reason to believe he will *repeatedly or excessively* use the term. (Gov. Brf. 3:14-17, emphasis added.)  Although defense counsel is unsure what is meant by repeated or excessive use, the objection made is to any use of the term "victim" prior to closing argument.

4

As to the Government's argument that the term "victim" is used in the court's instructions and is permitted in closing argument, defense counsel reiterates that he has no objection to such usage.  (Gov. Brf. 3:21 to 4:10.)  As to the closing arguments, the use of the term is appropriate since the characterization is argumentative and based on the evidence previously presented.  On the other hand, neither opening statements nor questioning of witnesses shall be argumentative and the use of the characterization would be premature and erroneous during those proceedings.

The Government's reliance on *Server v. Mizell* (7th Cir. 1990) 902 F.2d 611, is inappropriate in the present matter.  (Gov. Brf. 3:28 to 4:10.)  In *Server*, the issue was presented subsequent to the guilty verdict rendered and in the context of a habeas corpus proceeding.  In that matter, even during the trial, it was apparent a crime had been committed and the complaining witness had been victimized.  The only issue raised was whether the accused was the perpetrator.  (*Id,* at p. 615.)  To the contrary, in this matter, the only issues presented are whether the complaining witnesses are credible and whether they were in fact, victims of any crime.

Just as the Government would surely object to the defense reference to the complaining witnesses as the "false accusers," or referring to Mr. Perez as the "falsely accused" prior to closing arguments as argumentative and inappropriate, similarly, the defense objection to the use of the term "victims" until evidence is presented to the jury that she/they were victimized should be sustained.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>CONCLUSION</u>

Based on the authorities and facts cited, this Court should order that the counsel may summarize objections by not reiterating every alternative ground for the objections.  Further, an order should be entered that counsel not refer to the complaining witnesses as "victims" until the close of the trial.

Dated: May 5, 2014, at Riverside, California.

Respectfully submitted,


 /s/ John N. Aquilina
JOHN N. AQUILINA
Attorney for Defendant,
JOSE PEREZ